

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-30-2006

# Bilgin v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1051

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Bilgin v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1701.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1701

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 05-1051

_____

AHMET SAMI BILGIN,
*Petitioner*

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No.  A78-573-559)

_____

Submitted Under Third Circuit LAR 34.1(a)
January 18, 2006
Before: ROTH, FUENTES and BECKER, *Circuit Judges*

(Filed January 30, 2006)

_____

OPINION

_____

BECKER, *Circuit Judge.*

Ahmet Sami Bilgin, a native and citizen of Turkey, petitions for review of an order

of the Board of Immigration Appeals ("BIA") affirming without opinion an Immigration Judge's ("IJ") denial of his applications for political asylum, withholding of removal, and relief under Article III of the Convention Against Torture. We thus review the decision of the IJ. *See Berishaj v. Ashcroft*, 378 F.3d 314, 322 (3d Cir. 2004).

The IJ found no evidence to support a finding that Bilgin was or would be targeted in Turkey. The IJ also found that Bilgin's own testimony confirmed that he did not wish to return to Turkey so that he could avail himself of potential educational opportunities in this country. We must uphold the agency's findings of fact where they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole," *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir. 2002) (citation omitted), and must treat those findings as conclusive unless any reasonable adjudicator would be compelled to reach a contrary conclusion. 8 U.S.C. § 1252(b)(4)(B). Put differently, to reverse the BIA's decision, Bilgin must show that the evidence he presented was "so compelling that no reasonable fact finder could fail to find the requisite fear of persecution," *INS v. Elias-Zacarias*, 502 U.S. 478, 484 (1992). This standard requires the Court to affirm the administrative decision unless the evidence not only supports the petitioner's position, but *compels* it "such that a reasonable fact finder would *have* to conclude that the requisite fear of persecution existed." *Id*. at 481 (emphasis added).

We conclude that Bilgin did not meet this burden. Because the parties are fully familiar with the background facts and procedural history we need not set them forth, and

limit our discussion to our *ratio decidendi*. First, the incidents on which Bilgin relies are insufficient to establish past persecution. He was not physically abused in any serious degree, and his alleged detentions were relatively brief. Second, nothing in the record compels the conclusion that Bilgin has a well-founded fear of future persecution. His parents, younger brother and sisters have all remained in their homes without consequence notwithstanding their own political activities. Third, Bilgin testified that it was his desire to pursue further education that motivated his desire to remain in the United States:

> Q.  Okay. So wouldn't you be able to go back and work with your father in his textile factory?
> A.  I could, but I want to go and study.

The petition for review will be denied.[1]

---

[1]Bilgin did not appeal to the BIA the IJ's denial of his request for protection under the Convention Against Torture, hence it is waived. At all events, in view of our discussion in the text, the claim could not succeed.